**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA
(Philadelphia)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Rudy D. Arnold, | ) | Case No. 18-12585-mdc |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

**OBJECTION OF MANUFACTURERS AND TRADERS TRUST COMPANY
TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN**

Manufacturers and Traders Trust Company, also known as M&T Bank, successor-in-interest to Wilmington Trust Company (collectively, the "**Bank**"), a secured creditor in the above-captioned bankruptcy case, by its undersigned counsel, hereby files, pursuant to Federal Rules of Bankruptcy Procedure 3015(f) and 9014, this Objection to Confirmation of Chapter 13 Plan (the "**Plan**") filed by the Debtor, Rudy D. Arnold ("**Debtor**") and for its reasons states as follows:

I. **FACTUAL BACKGROUND**

1. The Debtor is obligated to the Bank pursuant to a $200,000.00 commercial loan and a $250,000.00 commercial loan made by the Bank to R.D. Arnold Construction, Inc. ("**Borrower**") and guaranteed by the Debtor (collectively, the "**Loans**").

2. The $200,000.00 commercial loan is evidenced by, among other things, a Promissory Note, dated September 30, 2003, executed and delivered by the Borrower to the order of the Bank, as modified by a Change In Terms Agreement, dated March 16, 2007, executed by the Borrower in favor of the Bank, a Change In Terms Agreement, dated January 22, 2008, executed by the Borrower in favor of the Bank and a Change In Terms Agreement, dated May 30, 2008, executed by the Borrower in favor of the Bank (collectively, the "**$200,000 Note**").

3. The $250,000.00 commercial loan is evidenced by, among other things, a Promissory Note, dated May 30, 2008, executed and delivered by the Borrower to the order of the Bank ("**$250,000 Note**").

4. The $200,000 Note and the $250,000 Note are collectively referred to herein as the "**Notes**."

5. The Debtor unconditionally guaranteed all amounts due and owing under the Notes pursuant to various guaranty agreements executed and delivered by the Debtor in favor of the Bank (collectively, the "**Guaranties**").

6. The Loans, Notes and Guaranties are secured by real property owned by the Debtor and Betty G. Arnold (a non-filing co-debtor) and generally described as 1833 New London Road, Kemblesville, Pennsylvania 19347 (also referred to as 1833 New London Road, Landenberg, Pennsylvania 19350) (collectively, the "**Property**"), pursuant to and as more particularly described in a Mortgage, dated September 30, 2003, executed by the Debtor and Betty G. Arnold in favor of the Bank and recorded with the Recorder of Deeds for Chester County, Pennsylvania at Book 5940, Page 1708, a Mortgage, dated March 16, 2007, executed by the Debtor and Betty G. Arnold in favor of the Bank and recorded with the Recorder of Deeds for Chester County, Pennsylvania at Book 7157, Page 612, and a Mortgage, dated May 30, 2008, executed by the Debtor and Betty G. Arnold in favor of the Bank and recorded with the Recorder of Deeds for Chester County, Pennsylvania at Book 7473, Page 1979 (collectively, the "**Mortgages**").

7. The Loans are further evidenced by a Modification Agreement, dated November 29, 2013, executed by and between the Borrower, the Debtor and the Bank ("**Modification**

**Agreement**"), which modified certain terms and conditions of the Notes and related loan documents as set forth therein.

8.  The Notes, the Guaranties, the Mortgages, the Modification Agreement and all other documents evidencing, securing or otherwise documenting the Loans are collectively referred to herein as the "**Loan Documents**."

9.  Prior to the Petition Date, the Debtor and the Borrower defaulted under the terms and conditions of the Loan Documents by, among other things, failing to make the payments to the Bank as and when due thereunder. As a result thereof, the Bank previously accelerated and demanded immediate payment of all indebtedness owed under the Loan Documents from the Debtor and the Borrower. The Debtor and the Borrower failed to make the required payments to the Bank. Therefore, as of the Petition Date, the Debtor and the Borrower were liable to the Bank for the full amounts due and owing under the Loan Documents.

10. On April 18, 2018 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code.

11. The amounts owed under the Loan Documents to the Bank by the Debtor are set forth in the proofs of claim filed by the Bank in the claims register as claim nos. 10 and 11. As of the Petition Date, the Debtor owed the Bank $211,121.60 under the $200,000 Note as a secured claim. As of the Petition Date, the Debtor owed the Bank $196,741.67 under the $250,000 Note as a secured claim. *See* Claims Register or Nos. 10-1 and 11-1.[1]

12. In relation to the Loans, the Bank holds second-priority and fourth-priority secured liens against the Property and the Property is the Debtor's principal residence.

---

[1] In addition, the Debtor presently owes the Bank attorneys' fees and collection expenses under the Loan Documents, which amounts continue to accrue.

13. On May 31, 2018, the Debtor filed his Chapter 13 Plan. Under the Plan, the Debtor proposes to pay the Bank outside the Plan through direct regular monthly payments on the Loans. However, the Debtor's proposed monthly payment amount of $1,298.00 is woefully below what is required to be paid on the Bank's secured claims secured by the Property. In addition, the Debtor's proposed treatment for the arrearage amounts owed to the Bank under the Loan Documents is below the current arrearage amounts owed under the Loans.

## II. DISCUSSION

14. The Court must deny confirmation of the Plan because the proposed treatment of the Bank's secured claims fails to meet the criteria set forth under 11 U.S.C. § 1325(a)(5). Section 1325(a)(5) provides that the Court shall confirm a Chapter 13 plan if

> [W]ith respect to each allowed secured claim provided for by the plan--
> (A) the holder of such claim has accepted the plan;
> (B)(i) the plan provides that--
>     (I) the holder of such claim retain the lien securing such claim until the earlier of--
>         (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>         (bb) discharge under section 1328; and
>     (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>   (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;… or
> (C) the debtor surrenders the property securing such claim to such holder[.]

11 U.S.C. § 1325(a)(5)

15. As to the secured claims of the Bank, the Plan satisfies none of these criteria. As evidenced by this Objection, the Bank does not accept the Plan, the Plan does not provide for the Bank to be paid in full under nonbankruptcy law and, as of the filing date of this Objection, the Debtor has not surrendered the Property to the Bank.

16. Moreover, as noted above, the entire indebtedness owed under the Loan Documents was accelerated and demanded and is currently due and owing by the Debtor. The Debtor's plan fails to value and pay the Bank's allowed secured claims in full. For this reason, the Debtor's Plan fails to satisfy the requirements of § 1325(a)(5)(B)(ii) because it does not commit sufficient funding to treat the Bank's secured claims and, therefore, ensure that the Bank will receive property of a value not less than the amount of its secured claims on the Effective Date of the Plan.

17. The Debtor is required to make significantly monthly payments to the Bank which the Debtor has failed to do under their Plan. The Bank's secured claims must not be affected by the Debtor's Plan in order to proceed in such a manner.

18. As listed in the Bank's proofs of claim filed in this case, the Debtor owes in excess of $52,000 in arrearages under the Bank's Loans. The Debtor's Plan only seeks to commit $43,282.00 in funding towards the arrears owed to the Bank under the Loans. The Debtor's Plan does not provide for sufficient funding for the arrearage payments to the Bank for past due amounts owed to the Bank on account of its secured claims. The Debtor's failure to cure the arrearage amounts owed to the Bank is an additional ground for objection to the Plan.

19. The Debtor's Plan further fails to allocate adequate protection payments to the Bank during the pendency of this bankruptcy case. Given the possible absence of any equity in the Property, the Debtor should make monthly adequate protection payments to the Bank.

20. The Debtor's Plan is objectionable for other reasons as well. First, the Court must deny confirmation of the Plan because the Debtor cannot show it is feasible within the meaning of 11 U.S.C. § 1325(a)(6). In the Debtor's Schedule I, the Debtor alleges that his monthly income is $4,383.93. In the Debtor's Schedule J, the Debtor alleges that his monthly expenses

total $2,660.20.  Accordingly, the Debtor lacks sufficient income to fund the proposed Plan and make regular payments to the Debtor's creditors.  The Plan thus violates 11 U.S.C. § 1325(a)(6).

21.     Second, under Section 2G of the Plan, the Debtor purports to avoid the Bank's secured liens against the Property.  However, the Debtor has not filed a motion to avoid such secured liens of the Bank.  The Debtor has further failed to file a motion to value the Property to determine the secured status of the claim(s) secured thereby.  The Bank objects to the Debtor's Plan based on this purported avoidance.  The Plan is objectionable on this basis.

22.     Accordingly, for these reasons and any other reasons presented by the Bank at the confirmation hearing, this Court should deny confirmation of the proposed Plan.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, the Bank respectfully requests that the Court enter an Order denying the Debtor's Chapter 13 Plan and granting the Bank such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

DATE:  August 16, 2018

        */s/ Shaan S. Chima*
Shaan S. Chima (Bar No. 312429)
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel:   (410) 385-5109
Fax:   (443) 957-4329
Email: shaan.chima@gebsmith.com

*Attorneys for Manufacturers and Traders Trust Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 16th day of August, 2018, a copy of the foregoing Objection was served on all parties entitled to receive electronic notice via the Court's ECF System and via first-class mail, postage prepaid to the following:

Rudy D. Arnold
1833 New London Road
Landenberg, Pennsylvania 19350
*Debtor*

Rudy D. Arnold
P.O. Box 26
Kemblesville, Pennsylvania 19347
*Debtor*

Christopher Constantine Carr, Esq.
Law Offices of Christopher Constantine Carr
122 Mayfield Drive
Coatesville, Pennsylvania 19320
*Counsel for Debtor*

William C. Miller, Esq.
1234 Market Street, Suite 1813
Philadelphia, Pennsylvania 19107
*Chapter 13 Trustee*

William C. Miller, Esq.
P.O. Box 1229
Philadelphia, Pennsylvania 19105
*Chapter 13 Trustee*

Office of the United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, Pennsylvania 19107
*U.S. Trustee*

                                        */s/ Shaan S. Chima*
                                        Shaan S. Chima