**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:   RUDY D. ARNOLD                     CHAPTER 13

        DEBTOR(S)                     CASE NUMBER:  18-12585-mdc

M&T BANK

        MOVANT

        vs.

RUDY D. ARNOLD                              11 U.S.C. SECTION 362 and 1301

        DEBTOR(S)

BETTY G. ARNOLD

        CO-DEBTOR

        DECEASED

---

**OBJECTION TO MOTION OF M&T BANK**
**FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER SECTION 362 AND 1301**

1. **Betty G. Arnold, Debtor's spouse and co-debtor is deceased. The subject property is the residence and abode of the Debtor and is at all times maintained in first class condition befitting property periodically being shown for sale.**
2. **In fact, Movant holds 3 of the 4 mortgages on the mortgaged premises.  In first position is a mortgage held by Wells Fargo Mortgage with a balance of $69,350.  The total of all 4 mortgages was $628,044 as of late 2018. Hence, the aggregate balance owed to Movant is at least $558,694. 00.  However, the property was recently appraised for only $472,000.00 (appraisal commissioned by Movant.)**
3. **Debtor originally filed his chapter 13, believing that the property could be sold for substantially more than the total indebtedness.  However, this has**

4. **proven impossible under current market conditions. His Realtor has recently reduced the offering price to $599,000 in the attempt to produce a buyer with no success to date.**

4. **Given this and debtor's limited income (See his Schedule I) which is insufficient to pay post-petition mortgage payments and the chapter 13 plan payments in addition to his regular living expenses, it has become increasingly clear that t it is not advantageous for him to continue in the chapter 13 and that in any case, Debtor will be unable to complete his plan.**

5. **Therefore, Debtor has or will today in good faith file(d) a motion to convert to a chapter 7 as is his absolute right pursuant to 11 U.S.C. 1307(a). [Document #_]. His statement of intent will -- of necessity given his financial condition -- indicate that he is surrendering the subject property, thereby assuring the Movant of the ultimate right it seeks herein, to repossess the property.**

6. **Most importantly, the debt which is the subject of this proceeding (See paragraphs 6 and 7 of the Motion) is all pre-conversion debt and will be treated as if arising prepetition, pursuant to 11 U.S.C. 348(d), to wit, it will be discharged. Since the effect of the conversion then will be to moot the subject proceeding it is evident that it must be dismissed leaving the automatic stay in bankruptcy intact. To maintain the rights of the debtor in status quo, the latter is of import since conversion does not automatically give rise to a new stay.**

7. **In addition, the further relief sought in Paragraph 11 of the Motion is inappropriate and cannot be granted by this honorable Court.**

**WHEREFORE, Debtor hereby respectfully requests that Movant's request for relief from the automatic stay be dismissed and that the automatic stay remain in full force and effect and for such other relief as this Court may find to be just and proper.**

Date:  May 20, 2019

Christopher Constantine Carr, Esquire
PA Attorney #46249
3240 Tyning Lane
Downingtown, PA  19335
Phone:  610.380.7969
Fax:  888.503.3513
E-Mail:  cccarresq@aol.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                             CHAPTER 13

    RUDY D. ARNOLD                           CASE NUMBER:  18-12585-mdc

        DEBTOR

## ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY IN BANKRUPTCY BY M&T BANK

It is ORDERED that the **Movant's request for relief from the automatic stay be and hereby is dismissed and that the automatic stay in this matter remain in full force and effect.**

                                                                   By the Court

Date: May  , 2018                                _____

                                                                   Madeline D. Coleman

                                                                   Judge, United States Bankruptcy Court